

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 13, 1992

Honorable D. R. "Tom" Uher
Chairman
Committee on Redistricting
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-140

Re: The status of the West Brazoria County Drainage District, and related questions (RQ-326)

Dear Representative Uher:

You have requested our opinion regarding the current status of the West Brazoria County Drainage District. That district was created pursuant to article XVI, section 59 of the Texas Constitution by a special law enacted in 1969. House Bill 273, Acts 1969, 61st Leg., ch. 48, at 139-44, designated the commissioners court of Brazoria County "as the governing body of [the] district." In 1981, the statute was amended to provide for "a board of directors composed of five members who shall be elected from single-member districts to serve for staggered terms of two years and until their successors are elected and have qualified for office." S.B. 21, Acts 1981, 67th Leg., 1st C.S., ch. 6, at 58-63. The 1981 legislation directed the existing governing board, the commissioners court, "[w]ithin 90 days after the effective date of this Act," to "adopt an order establishing the boundaries and numbers for single-member board districts." *Id.* § 6(a), at 62. The board was also enjoined to "call and hold an election on the first Saturday in April 1982, to elect five members to the board." *Id.* You indicate that the commissioners court has never taken any action to implement the requirement of section 6 for establishing single-member districts or for holding an election. You ask whether the commissioners court is at present "the legally authorized body to act for said drainage district."

Senate Bill 21 provides, in pertinent part:

The commissioners court serving as the governing board of the West Brazoria County Drainage District on the effective date of this Act shall continue in office and shall exercise the powers and duties and perform the functions of the board of

> directors of the district until the first elected board members
> have qualified for office.
>
>     . . . .
>
> The persons serving on the board of directors of the West
> Brazoria County Drainage District on the effective date of this
> Act shall continue in office and shall exercise the powers and
> duties and perform the functions of board members until the
> first elected board members have qualified for office. . . .

*Id.* §§ 5, 6(b), at 62. Since section 6 of the 1981 legislation was never implemented, in that neither an order establishing single-member districts nor an order calling for an election to select board members was ever issued, the statute makes clear that "the commissioners court serving as the governing board" of the district has continued to function as the governing board since 1981. Although the statute permits some ambiguity, since it speaks of "the commissioners court serving as the governing board . . . on the effective date if this Act," and of "[t]he persons serving on the board of directors . . . on the effective date of this Act," we believe that it was the intent of the legislature to constitute the individual commissioner *positions*, rather than the specific *persons* who held those positions on August 14, 1981, as the holdover board for the district. Thus, it is the *present* commissioners court of Brazoria County, rather than the commissioners court as it existed on August 14, 1981, that makes up the current board of the district.

You also ask whether the commissioners court may establish a tax rate for the district and call an election for its approval. You indicate that in 1969 the affected electorate "voted for the creation of said drainage district but turned down all taxing authority."

Section 5 authorizes the governing board to "levy and cause to be collected a tax not exceeding 10 cents on each $100 valuation of taxable property subject to district taxation within the district." Such tax may not be levied or assessed, however, "until authorized at an election called for such purpose by said board, in the manner provided by Section 4, hereof, at which a majority of the qualified electors . . . vote in favor of the levy and collection of such tax." *Id.* § 5, at 59. Nothing in the statute prohibits the governing board from setting a tax rate and calling an election merely because a prior election has resulted in disapproval of the

tax. We conclude, therefore, that the commissioners court, as the current governing board of the district, may establish a tax rate and call an election for its approval.

Your last question is whether the commissioners court may "establish single member districts for the election of drainage commissioners without further legislation being passed." Certainly, the commissioners court, acting as the current board, may not do so pursuant to section 6(a) of Senate Bill 21, since that provision sets the election for the first Saturday in April 1982. Section 2 of Senate Bill 21, however, provides, in pertinent part:

> After each decennial census, the board shall divide the area of the district into five single-member districts that are compact, contiguous, and as nearly equal in population as is practicable. . . .

> An election shall be held in the district on the first Saturday in April of each year to elect the appropriate number of members to the board.

*Id.* § 2(c), (d), at 58. Ordinarily, we might be constrained to construe subsections 2(c) and 2(d) in harmony with subsection 6(a) to infer that the redistricting and election provisions of the statute were intended to be applicable only to the election contemplated for April 1982. Since the enactment of Senate Bill 21, however, a new "decennial census" has been held, and the results thereof announced, so that it seems reasonable to require whatever "board" exists to comply anew with the requirements of subsections 2(c) and 2(d). As we have stated, the current "board" is the commissioners court of Brazoria County. Accordingly, the board is in a position to, and, in our opinion, is commanded, to comply with those requirements by dividing the area into "five single-member districts" based on the 1990 census, and calling an election for the first Saturday in April 1993, to fill the directorships from those districts.

## S U M M A R Y

> The commissioners court of Brazoria County at present constitutes the governing board of the West Brazoria County Drainage District. As such, it may set a tax rate and call an election to seek voter approval therefor. The commissioners

court, acting as the board, should establish single-member districts based on the 1990 census, and call an election for the first Saturday in April 1993.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General